2656.T-7

Blue

co/co

ans due
5/6/16

3249.sbk                  MLA:nb                          Attorney I.D. #38836

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MCD EXPRESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| STEVENS TRANSPORT, INC. and RYDER ) | |
| PETERSON, ) | |
| ) | |
| Defendants. ) | |
| ——————————————— ) | |
| ) | |
| KEVIN KELLER, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STEVENS TRANSPORT, INC. and RYDER ) | |
| PETERSON, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

## THIRD-PARTY COMPLAINT AT LAW

NOW COMES the Third-Party Plaintiff, Kevin Keller, by his attorneys, HAYNES,
STUDNICKA, KAHAN & POULAKIDAS, LLC, and for his Third-Party Complaint at Law,
states as follows:

### COUNT I
### KEVIN KELLER v. RYDER PETERSON

1.      The Third-Party Plaintiff, Kevin Keller, is a resident of Montgomery, Kane

County, Illinois.

2.      The Defendant, Ryder Peterson (herein "Defendant Peterson"), is a resident of

Sioux City, Iowa.



**EXHIBIT**

**1**

3. On February 27, 2015, and for some time prior thereto, Interstate 88 at or near mile post 57 was a public roadway running generally in an east and west direction in Lee County, Illinois.

4. On the date and place alleged above, Kevin Keller (herein "Keller") was operating a tractor-trailer heading westbound on I-88 in the outer right lane towards mile post 57. Plaintiff MCD Express owned and maintained said tractor-trailer and authorized Keller to operate said tractor-trailer.

5. On the date and place alleged above, Defendant Peterson was operating a tractor-trailer heading westbound on I-88 towards mile post 57 ahead of Keller's vehicle.

6. Defendant Stevens Transport, Inc. (herein "Stevens Transport") owned and maintained said tractor-trailer, and authorized Defendant Peterson to operate said tractor-trailer.

7. As Keller traveled westbound on I-88, Defendant Peterson's vehicle was having mechanical problems so Defendant Peterson pulled his vehicle on to the right shoulder.

8. Subsequently and without warning, Defendant Peterson then turned his vehicle into the outer right lane directly in front of Keller, resulting in a collision.

9. At all times referenced herein, Keller was in the exercise of ordinary care for his own safety, the safety of others on the roadway, and the safety of his vehicle.

10. At all times referenced herein, Defendant Peterson had a duty to exercise ordinary care for the safety of all persons and vehicles upon the public roadway.

11. Defendant Peterson failed to exercise ordinary care in one or more of the following acts and/or omissions:

      (a)    Carelessly and negligently entered a lane of traffic from the shoulder without regard to the use of the roadway by other vehicles, thereby endangering the safety of other persons and vehicles;

2

(b)     Carelessly and negligently operated his motor vehicle at a rate of speed that was not reasonable and proper;

(c)     Carelessly and negligently operated his motor vehicle without keeping a proper and sufficient lookout;

(d)     Carelessly and negligently operated his vehicle by failing to yield the right of way;

(e)     Carelessly and negligently operated his vehicle by failing to stop, reduce speed, or change direction when danger of a collision was imminent;

(f)     Carelessly and negligently operated his vehicle by making an improper lane change when it was unsafe to do so;

(g)     Carelessly and negligently operated his vehicle in a careless, improper, and negligent manner; and

(h)     Was otherwise negligent in the operation, management, control, or supervision of said vehicle.

12.     As a direct and proximate result of one or more of the aforementioned wrongful, careless, and negligent acts of Defendant Peterson, Keller was severely and permanently injured, and incurred economic and non-economic damages.

WHEREFORE, Third-Party Plaintiff Kevin Keller demands a judgment against Defendant, Ryder Peterson, in excess of $50,000 plus costs of suit.

### COUNT II
### KEVIN KELLER v. STEVENS TRANSPORT, INC.

13.     Keller re-alleges paragraphs 1-12 set forth above as if fully set forth herein.

14.     The Defendant, Stevens Transport, Inc. (herein "Defendant Stevens Transport"), is a duly authorized Texas corporation with its principal place of business in Texas that does business throughout Cook County, Illinois.

15.     At all times referenced herein, Defendant Stevens Transport, which authorized Defendant Peterson to drive its tractor-trailer as its agent, had a duty to exercise ordinary care for

3

the safety of all persons and vehicles upon the public roadway.

16.     Defendant Stevens Transport, which authorized Defendant Peterson to drive its tractor-trailer as its agent, failed to exercise ordinary care in one or more of the following acts and/or omissions:

(a)     Carelessly and negligently entered a lane of traffic from the shoulder without regard to the use of the roadway by other vehicles, thereby endangering the safety of other persons and vehicles;

(b)     Carelessly and negligently operated his motor vehicle at a rate of speed that was not reasonable and proper;

(c)     Carelessly and negligently operated his motor vehicle without keeping a proper and sufficient lookout;

(d)     Carelessly and negligently operated his vehicle by failing to yield the right of way;

(e)     Carelessly and negligently operated his vehicle by failing to stop, reduce speed, or change direction when danger of a collision was imminent;

(f)     Carelessly and negligently operated his vehicle by making an improper lane change when it was unsafe to do so;

(g)     Carelessly and negligently operated his vehicle in a careless, improper, and negligent manner; and

(h)     Was otherwise negligent in the operation, management, control, or supervision of said vehicle.

17.     As a direct and proximate result of one or more of the aforementioned wrongful, careless, and negligent acts of Defendant Stevens Transport, Inc., Keller was severely and permanently injured, and incurred economic and non-economic damages.

WHEREFORE, Third-Party Plaintiff Kevin Keller demands a judgment against Defendant Stevens Transport, Inc. in excess of $50,000 plus costs of suit.

4

Respectfully submitted,

Haynes, Studnicka, Kahan & Poulakidas, LLC

By:  Shimon B. Kahan

Shimon B. Kahan
HAYNES, STUDNICKA, KAHAN & POULAKIDAS, LLC
Attorneys for the Third-Party Plaintiff
200 West Adams Street, Suite 2175
Chicago, IL 60606
312-332-6644
Attorney Number: 38836

3249.sbk                    MLA:nb                                  Attorney I.D. #38836

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MCD EXPRESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVENS TRANSPORT, INC. and RYDER | ) |
| PETERSON, | ) Case No. |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |
| | ) |
| KEVIN KELLER, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVENS TRANSPORT, INC. and RYDER | ) |
| PETERSON, | ) |
| | ) |
| Third-Party Defendants. | ) |
| | ) |

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

Pursuant to Illinois Supreme Court Rule 222(b), counsel for the above named

Third-Party Plaintiff certifies that the Third-Party Plaintiff seeks money damages in

excess of $50,000/100 dollars ($50,000).

FURTHER AFFIANT SAYETH NOT.

_____
Shimon B. Kahan

Shimon B. Kahan
Michael L. Abel
HAYNES, STUDNICKA, KAHAN & POULAKIDAS, LLC
Attorneys for Third-Party Plaintiff Kevin Keller
200 West Adams Street, Suite 2175
Chicago, Illinois 60606
312-332-6644